UNION CLEANERS AND DYERS, INCORPORATED, A COR-
PORATION, PLAINTIFF-APPELLANT, v. JACOB ZEID-
MAN AND "AARON" WEIDENBAUM, FIRST NAME FIC-
TITIOUS AND UNKNOWN, DEFENDANTS-APPELLEES.

Submitted January 26, 1934—Decided May 16, 1934.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellant, *Allian & Tegrarian* (*George J. Kaplan*, of counsel).

For the appellees, *Benjamin Nessanbaum*.

The opinion of the court was delivered by

PERSKIE, J.   On February 14th, 1933, plaintiff recovered a judgment against defendant Jacob Zeidman for $172.45 damages and $12.90 costs.   Execution issued.   A levy was made upon certain articles which are the subject-matter of this replevin suit and which belonged to the defendant Jacob Zeidman and one, Aaron Weidenbaum.   Under the levy sale was advertised to be held on May 20th, 1933, to satisfy the sum of $197.45, total amount of judgment and costs.   On that day Nelson H. Tegrarian, plaintiff's attorney, and Jacob Zeidman, the judgment debtor, met at the office of Andrew J. Markey, Zeidman's attorney, where Tegrarian received from Zeidman $40 in cash and three promissory notes of $50 each, payable one, two and three months after date (which the defendant Zeidman says were accepted in satisfaction of said judgment).   Upon receiving the aforesaid cash and notes, Tegrarian gave to Zeidman the following paper-writing, marked *Exhibit D-1:*

"May 20, 1933.

Received from J. Zeidman Forty Dollars in cash and 3 notes dated May 20, 1933, payable one, two and three months after date in the sum of Fifty Dollars each with interest. The payments being in full satisfaction of the case of Union City Cleaners & Dyers, v. Jacob Zeidman.

Union City District Court.

NELSON H. TEGRARIAN
Attorney for Union City Cleaners & Dyers, Inc."

Tegrarian testified that he delivered this paper-writing to Mr. Markey to be held in escrow by him until the notes were fully paid and satisfied and that in the meantime the sale was to be postponed indefinitely. On cross-examination he denied that he so testified with certainty. Markey, however, denied that such was the fact or understanding. He testified that Tegrarian, upon receiving the cash and notes, signed the paper-writing and after delivering it to Zeidman said: "Now, if you don't pay these notes, I will sue you on them," and that Zeidman put the paper in his pocket. The testimony of Zeidman is to like effect.

The first note became due on June 20th, 1933, and not being paid on that day Tegrarian demanded payment of the entire sum because of such default, notwithstanding that the remaining notes were not yet then due. Such payment being refused, Tegrarian then caused the goods and chattels originally levied upon to be readvertised for sale under the aforesaid judgment and sold them to plaintiff for $50. After the sale Zeidman requested a return of the notes of Tegrarian and the latter gave them to him. Henry Brenwasser, an attache of the court, corroborated the demand for and the return of the notes. On July 20th, 1933, plaintiff served a written demand for possession upon the defendant Jacob Zeidman, and on the following day instituted this replevin suit.

The testimony was conflicting as to the circumstances and arrangements under which the cash and notes aforesaid were given and accepted. The judge found "that the said Nelson H. Tegrarian agreed to and did accept in settlement of the judgment and costs so recovered as aforesaid, the sum of $190 in full satisfaction of said suit."

Plaintiff moved for a direction on the following grounds: (a) That the paper-writing marked *Exhibit D-1,* was nothing more than a receipt and was not a satisfaction of the judgment; and (b) that the agreement of the plaintiff to accept $190 in satisfaction of its judgment by the payment of $40 in cash and three unendorsed and unsecured promissory notes of the defendant was without any valid or legal consideration.

Defendant moved for a direction on the following grounds: (a) The proofs conclusively established an agreement between the parties whereby the judgment was settled for $190, $40 in cash, and $150 by the delivery of three promissory notes; that consequently the original judgment was extinguished and the plaintiff had no legal right to proceed under the execution issued upon the original judgment; that the sale held under the original judgment was void and conferred no title whatever in the purchaser; (b) the proofs established a novation and disclosed that the parties intended that the new obligation be the extinguishment of the old; (c) that each of said three promissory notes delivered to and accepted by the plaintiff constituted a new, distinct and separate contract for the payment of the amount of such notes, and that since no provision was made for the acceleration of the payment of the unmatured notes if there be a default in the payment of one due, the plaintiff was not legally justified in proceeding to enforce the payment of the entire sum evidenced by all of said notes by a sale under the execution upon the original judgment; and (d) the taking of the notes by the plaintiff postponed and extended the time of payment of the amounts due thereon until its respective due dates, and, until such time, the plaintiff could not legally enforce payment of the entire amount evidenced by such notes by issuing execution upon, or selling, under an execution upon the original judgment, or otherwise enforce payment of the entire amount.

The court denied the motion of the plaintiff for a directed verdict and directed a verdict in favor of the defendants for the reasons urged by him. Plaintiff prayed and was granted an exception to the court's ruling.

Appellant points out sixteen specifications of determinations with which it is dissatisfied in point of law. These are argued under the following points: (1) The court below erred in finding that the paper-writing introduced in evidence by the defendants as a bar to plaintiff's replevin action and marked *D-1*, was, as a matter of law, an accord and satisfaction of the judgment; (2) the court erred in finding that

there was a new agreement extinguishing the old. In other words, there was error in the finding that the $40 cash and the three notes constituted payment of the judgment.

It is the settled law of our state that the acceptance of a promissory note, given for an antecedent debt, although it does not operate to discharge the debt, in the absence of an agreement that it should have that effect, extends the credit until the note matures. *Taylor* v. *Wahl*, 72 *N. J. L.* 10, 12; *Fry* v. *Patterson*, 49 *Id.* 612; *J. Jacob Shannon & Co.* v. *Continental*, *&c.*, *Co.*, 106 *Id.* 200, 202; and, that taking notes for a lien claim is no abandonment of the lien security and if the notes are not paid at maturity the claimant may enforce his lien claim as if the note had not been given. *Edwards* v. *Derrickson*, 28 *Id.* 39; *P. E. Guerin, Inc.*, v. *Parson*, 112 *Id.* 56, 58.

Assuming, under the conflicting testimony, that it was open to the trial judge to find that there was an agreement between the parties to accept the notes in full satisfaction of the judgment and costs, there still remains the legal barrier of giving legal force and effect to such an agreement. The debt was liquidated. However one may characterize *Exhibit D-1* in question, it certainly was not a release under seal. Was there any new consideration for the acceptance of the $40 cash and the three notes of $50 each, totaling $190, in satisfaction of the liquidated judgment and costs, totaling $197.45? We think not.

The payment of a less sum in satisfaction of a larger sum is no satisfaction. *Chambers* v. *Niagara Fire Insurance Co.*, 58 *N. J. L.* 216; *Prall* v. *Woodbridge Ceramic Corp.*, 9 *N. J. Mis. R.* 109, 110. For a full and complete discussion of this subject of consideration, accord and satisfaction of liquidated and unliquidated debts, &c., read the learned opinion of Mr. Justice Trenchard, for the Court of Errors and Appeals, in the case of *Decker* v. *Smith & Co.*, 88 *N. J. L.* 630. It shall suffice for the instant case to merely quote the following paragraph thereof (at *p.* 632) :

"Where the debt or demand is liquidated or certain and is due, payment by the debtor and receipt by the creditor of

a less sum is not a satisfaction thereof, although the creditor agrees to accept it as such, if there be no release under seal or no new consideration given. *Castelli* v. *Jereissati,* 80 *N. J. L.* 295; *Roberts* v. *Banse,* 78 *Id.* 57; *Gussow* v. *Beineson,* 76 *Id.* 209; *Eckert* v. *Wallace,* 75 *Id.* 171; *Chambers* v. *Niagara Fire Insurance Co.,* 58 *Id.* 216; *Line* v. *Nelson,* 38 *Id.* 358; *Braden* v. *Ward,* 42 *Id.* 518; *Daniels* v. *Hatch,* 21 *Id.* 391; 1 *C. J.* 539."

*Exhibit D-1* is not a release under seal. There was no new consideration to support it.

Judgment is reversed.